UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANEA MICHELLE ADDISON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01104-TWP-MPB |
| STATE OF INDIANA DBA Family & Social Services Administration, | ) |
| Defendant. | ) |

**Entry Discussing Filing Fee, Dismissing Complaint, and
Directing Plaintiff to Show Cause**

**I. Filing Fee**

The plaintiff shall have **through May 14, 2018,** in which to either pay the $400.00 filing fee for this action or demonstrate that she lacks the financial ability to do so.

**II. Screening**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

*Allegations*

The plaintiff brings this civil rights complaint against the State of Indiana dba Family and Social Services Administration. She alleges that the "State refuses knowledge of who (and exactly when) the plaintiff was placed on the State's felony child abuse listing absent any charges or allegations thereof – 1992-2005." Dkt. 1, p. 2. She alleges that she "was denied employment opportunities or freedom to leave to seek a better life for family." *Id.* She contends that her children were taken away illegally twice. Counties arranged adoptions of her children "absent just cause." *Id.,* at p. 4. She seeks "just compensation." *Id.*

*Discussion*

This is not the plaintiff's first attempt to bring claims against various child welfare employees and other entities relating to her children. She filed six (6) such actions in this Court in 2002 alone. In this action, any claim against the State of Indiana or the Family and Social Service Administration is **dismissed for failure to state a claim upon which relief can be granted** because the State (or a state agency) cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Moreover, the applicable statute of limitations is two years, and from the face of the complaint, it appears that the plaintiff has alleged no constitutional violation that has occurred

within the past two years. Therefore, her complaint is **dismissed for failure to state a claim upon which relief can be granted** as untimely.

"[A] plaintiff can plead [her]self out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915(e)(2)**.

### III. Show Cause

The plaintiff shall have **through May 14, 2018,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

**IT IS SO ORDERED.**

Date: 4/13/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DANEA MICHELLE ADDISON
1809 Lambert St.
Indianapolis, IN 46221